**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 19-cv-02437-DDD-NYW

DIANA SANCHEZ;
J.S.M., by and through his mother DIANA SANCHEZ,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO;
DENVER HEALTH AND HOSPITAL AUTHORITY d/b/a DENVER HEALTH MEDICAL CENTER;
RACHIME HERCH, in his individual and official capacities;
NINA CHACON, in her individual and official capacities;
ALEXANDRA WHERRY, in her individual capacity;
MICHAEL HART, in his individual and official capacities;
TYSEN GARCIA, in his individual and official capacities;
JUSTIN ALBEE, in his individual and official capacities,

    Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

1.    "Confidential Information" means any document, file, portions of files, deposition or transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, which contains information that is confidential and implicates common law and statutory privacy interests of the individuals who are named.

2.    Information designated as confidential must first be reviewed by ~~the~~ an attorney of record for the designating Party, who must have a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c). *Gillard v. Boulder Valley Sch. Dist.,* 196 F.R.D. 382, 386 (D. Colo. 2000).

3.    When Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner by:

    a. imprinting the word "Confidential" on the first page or cover of any document produced or otherwise imprinting the word "Confidential" on each page in such a manner as not to obscure the text;

    b. imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. designating deposition testimony as "Confidential" or containing "Confidential Information" on the record at the time of the deposition, or by designating portions of depositions as "Confidential" after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purposes of this litigation and not for any other purpose;

    b. Each Party shall maintain a list of everyone who has had access to Confidential information which documents that the accessing individual has been provided with a copy of the Protective Order and by whom;

    c. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, except for purposes of this litigation, to anyone other than those specified in this subparagraph:

        (i) attorneys actively working on this case;

        (ii) persons regularly employed or associated with the attorneys actively working on this case, whose assistance is required by said attorneys for the purpose of this litigation;

   (iii) the Parties and designated representatives of the City and County of Denver, Colorado and Denver Health and Hospital Authority;

   (iv) expert witnesses and consultants retained in connection with this litigation, to the extent such disclosure is necessary for the purposes of this litigation who are provided with a copy of this Court's Protective Order;

   (v) the Court and its employees;

   (vi) stenographic reporters who are engaged in this litigation;

   (vii) non-party deponents and witnesses who are provided with a copy of this Court's Protective Order; and

   (viii) other persons by written agreement of the Parties.

5. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed.

6. During the pendency of this action, opposing counsel may upon Court order or agreement of the Parties inspect the list maintained by counsel pursuant to the Paragraph 4 upon showing of substantial need.

7. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation, and subject to all restrictions herein.

8. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 5 above.

9. A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the information as confidential. The written notice

shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as confidential shall bear the burden of establishing the grounds for the disputed information to be treated as confidential.

10. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2. In addition, any pleadings or briefs quoting or discussing any information designated as confidential will be filed "under Restricted Access" or otherwise kept out of the public record in this action, except pursuant to Court Order issued upon motion of the Party seeking to file such information under Restricted Access. <u>Nothing in this Order may be construed as restricting any document or information from the public record.</u>

11. The termination of this action shall not relieve counsel or any Party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

12. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it, and admissibility of the designated Confidential Information will be reserved for and addressed at trial. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

13. The terms and conditions in this Protective Order survive the termination of this litigation. Within 30 days after final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, each document and copies thereof which have been designated as CONFIDENTIAL, including extracts, excerpts, and summaries of data from such documents and information shall be returned to the producing party, destroyed, or stored by counsel and/or the recipient in a confidential manner consistent for a time period up to ten years from the date of the termination of the case and then either destroyed or returned to the initiating Party.

14. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this 15th day of January, 2020.

BY THE COURT:

*[signature]*

United States ~~District Court~~ Magistrate Judge